NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES LEWIS CHAPPLE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action No.<br>19-18213 (AET)<br><br>**OPINION** |

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 3). The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b). For the following reasons, the Court will dismiss the Petition as moot. Additionally, the Court will dismiss as moot, Petitioner's motion to construe this matter as a § 2241 petition. (ECF No. 4).

## BACKGROUND

The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. The Court gleans from the Petition that in 2006, the United States District Court for the Southern District of Texas, sentenced Petitioner to an 87-month term of imprisonment and a 3-year term of supervised release for a drug-trafficking charge. *United States v. Chapple*, 847 F.3d 227, 228 (5th Cir. 2017). After Petitioner "began serving his prison term for the Texas conviction, he escaped from the federal correctional facility where he was located in California and was later arrested on drug-trafficking charges in New Jersey." *Id.*

As a result of those developments, in 2009, this Court sentenced Petitioner to a 48-month term of imprisonment and a 1-year term of supervised release, and the United States District Court for the Eastern District of California sentenced Petitioner to a 15-month term of

imprisonment and a 3-year term of supervised release. *See id.* "The terms were to run consecutively in the order in which they were sentenced." *Id.*

It appears from the Petition, however, that Petitioner has completed serving his terms of imprisonment and is not presently confined in a federal correctional institution. (ECF No. 3, at 1 (revealing no information under "place of confinement"); ECF No. 3-3, at 1 (showing a non-institutional address)). Additionally, the Court takes judicial notice, that the Bureau of Prisons inmate locator states that Petitioner was released from custody on June 8, 2017. Although Petitioner is presumably still serving a term of supervised release, the Petition does not address which of the three terms he is presently serving.

In September of 2019, Petitioner initially filed a motion to reduce sentence under 18 U.S.C. 3582(c)(2), pursuant to the First Step Act of 2018, in order to receive additional good-time credits. The Court terminated that motion, finding that it was more appropriate to construe it as a petition for writ of habeas corpus under 28 U.S.C. § 2241, as it requests the award of good-time credits. (Crim. No. 08-932, ECF No. 28).

Ultimately, Petitioner resubmitted his motion as a § 2241 Petition on the proper forms and paid the filing fee. (ECF No. 3). In his Petition, Petitioner renews his request for additional good-time credits under the First Step Act.

## **STANDARD OF REVIEW**

District courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss habeas petitions prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may

dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

**DISCUSSION**

As discussed above, Petitioner requests an award of good-time credits pursuant to the First Step Act, Pub. L. No. 115-391, § 102, 132 Stat. 5194 (2018). The First Step Act amended 18 U.S.C. § 3624(b) and altered the availability of good-time credit for federal inmates, as well as how the Bureau of Prisons calculates such credits. Specifically, it increased the yearly maximum allowable good-time credit from 47 days to 54 days. *Id.* The good-time credit changes are also retroactive, as they apply equally to offenses committed "before, on, or after the date of enactment" but is limited "to offenses committed on or after November 1, 1987." § 102(b)(3).

Petitioner's release from federal custody, however, renders moot his request for an award of good-time credits. *See, e.g., Fumea v. Sauers*, No. 13-2463, 2015 WL 7069332, at *1 (M.D. Pa. Nov. 12, 2015). The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. Const. art. III, § 2. This "case-or-controversy requirement subsists through all stages of federal judicial proceedings" and the parties "must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990) (internal quotation marks omitted).

"If developments occur . . . that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant" the request for relief, a court must dismiss the case "as moot." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)). Stated differently, a petitioner must have suffered an injury, or threat of injury traceable to the

respondent, and a "favorable judicial decision" must be capable of redressing that injury. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

In the instant case, the Court can no longer grant Petitioner his requested relief, namely, an award of good-time credits. "Good time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." *Scott v. Schuylkill FCI*, 298 F. App'x. 202, 204 (3d Cir. 2008). Consequently, once a prisoner serves his entire term of imprisonment and the BOP releases him from federal custody, a petition seeking an award of good time credits is moot. *E.g.*, *Fumea*, 2015 WL 7069332, at *1; *see also Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009).

In other words, Petitioner's "request to be released early is now moot because he has been released." *E.g.*, *United States v. Sirois*, No. 11-206, 2019 WL 1923632, at *1 (D. Me. Apr. 30, 2019) (reasoning that "the Court cannot rewind the clock and grant him a retroactive credit since he is already released"); *cf. United States v. Yates*, No. 06-14, 2019 WL 5681596, at *2 (N.D. Ind. Oct. 25, 2019) (concluding similarly, in the context of a motion to reduce sentence under the First Step Act). Accordingly, as there is no live case or controversy, the Court will dismiss the Petition as moot.

Furthermore, to the extent Petitioner may be attempting to apply good-time credits to his terms of supervised release, the Court rejects that argument. As a preliminary matter, Petitioner does not request this relief in his Petition.

Nevertheless, assuming that Petitioner is serving a term of supervised release, he may generally seek modification of his supervised release term by filing a motion with the sentencing court. *See* 18 U.S.C. §§ 3583(e)(2), 3624. The Supreme Court has held, however, "that the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time." *Livingston v. Warden, FCI Fairton*, No. 17-

1066, 2018 WL 533910, at *3 (D.N.J. Jan. 24, 2018) (citing *United States v. Johnson*, 529 U.S. 53, 58–59 (2000)). The Supreme Court emphasized, that under § 3624, "[t]he term of supervised release commences on the day the person is released from imprisonment . . . . A term of supervised release *does not run during any period in which the person is imprisoned* in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." *Johnson*, 529 U.S. at 56–57 (emphasis added).

Further, the Court reasoned that the "objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* at 59. Stated differently, time spent incarcerated is not interchangeable with time under supervised release. *Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009).

With those principles in mind, assuming *arguendo* that Petitioner had filed a motion to modify his 1-year term of supervised release from this Court, and was entitled to additional good-time credits, the Court would be unable to grant him any meaningful relief. In other words, a judicial finding that he was entitled to additional good-time credits would have no effect on his term of supervised release. Accordingly, to the extent Petitioner seeks to reduce his term of supervised release through the award of good time credits, the Court will dismiss that request as moot.

**CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's § 2241 Petition, as moot. Additionally, because the Court has accepted and considered Petitioner's claim as one under § 2241, the Court will dismiss his motion to construe his original pleading as a § 2241 petition, as moot. An appropriate Order follows.

2/7/20
Date

ANNE E. THOMPSON
United States District Judge